Connon, J.
This case concerns a conflict over a “Do Not Resuscitate” Order (“DNR Order”) which was obtained by defendant parents Mr. and Mrs. M on behalf of their minor child, Minor M. Plaintiff ABC School is seeking declaratory and injunctive relief allowing it to refuse to honor the order. The defendants also seek declaratory relief that any refusal to honor the DNR Order would violate Minor M’s constitutional right to refuse medical treatment. A hearing on the motion was held on July 11, 1997.
Upon careful review of the parties’ tilings and based on the following reasons, the plaintiffs’ motion for declaratory and injunctive relief is DENIED. The defendants’ motion for declaratory relief is ALLOWED.
BACKGROUND
Plaintiff ABC School is a public, nonprofit educational institution located in Bourne, Massachusetts. ABC School educates disabled children between the ages of 3 and 22 who reside in member towns and whose educational needs exceed the capabilities of their own public school.
The minor child at issue in this dispute is Minor M. Minor M is a four-year-old girl who is severely disabled both mentally and physically. At present, Minor M weighs only twenty pounds. Since June of 1996, Minor M has been attending ABC School five days a week for approximately four hours each day. While at ABC School, Minor M receives physical, occupational and speech therapies and vision stimulation activities. She is transported to and from school via wheelchair van provided by DEF Schools.
During the past year, Minor M’s medical condition deteriorated significantly. In March of 1997, Minor M had an apneic spell, meaning her breathing ceased. The school nurse administered care to Minor M until she was transported to the local hospital via ambulance. Following this incident, Minor M was evaluated by her private physician, Dr. Nedda Hobbs, M.D. in Boston. On April 10, 1997, after consultation with Mr. and Mrs. M, Dr. Hobbs issued a DNR Order which states in relevant part:
should Minor M have a cardiorespiratoiy arrest, she may receive oxygen, suction and stimulation. She should receive rectal valium if she appears to be having a prolonged seizure. Minor M should not receive cardiopulmonary resuscitation, intubation, defibrillation, or cardiac medications. Invasive procedures such as arterial or venous puncture should only be done after approval of her parents.
Should Minor M have an apneic spell at school, she should receive oxygen, suction and stimulation. If she responds to this, her parents should be contacted and she can be transported home. If she does not respond, she should be transported by ambulance to the local hospital.
The DNR Order was submitted to ABC School and Mr. and Mrs. M were informed that ABC School would not honor it. ABC School takes the stand that it is refusing to honor the DNR Order because it is at odds with ABC School’s “Preservation of Life Policy” requiring:
Teachers of the ABC School classes [to] provide whatever means are available to them to preserve and protect a child’s life in the event of a crisis.
Prior to Minor M’s enrollment at ABC School, Mr. and Mrs. M were notified of the institutions’ preservation of life policy and Mrs. M stated that no DNR Order was in effect.
Several of staff members, including Ms. Susan Blaha, R.N., the nurse who was and will be responsible for Minor M’s care at ABC School also believe that honoring the DNR Order under the current conditions is contrary to their professional ethics. Further discussions between ABC School and Minor M’s parents have not resolved this issue.
DISCUSSION
This case presents an issue of first impression in Massachusetts. Most of the case law concerning DNR Orders are in the context of health care facilities and not educational institutions. Plaintiffs argue that their ethical and professional obligations both as an internal matter and as a matter of statutory duty prohibit them from honoring the DNR Order for Minor M. Minor *626 M’s parents argue that the DNR Order was obtained for the benefit of their daughter and that their right to refuse medical treatment on behalf of Minor M is constitutionally protected and must be honored by ABC School. For the following reasons, this court finds that Mr. and Mrs. M have the right to refuse medical treatment on behalf of their daughter and that based on an assessment of the likelihood of success on the merits, the plaintiffs’ request for declaratory and injunctive relief is denied. Defendants’ request for declaratory relief is allowed.
Plaintiffs argue that case law in Massachusetts establishes that a treating facility cannot be forced to honor a DNR Order if transfer to another facility which would honor that order is available. See Brophy v. New England Sinai Hospital, 398 Mass. 417 (1986). The string of cases relied upon by the plaintiffs are distinguishable on a critical point. The cases cited by plaintiffs hold that individual medical personnel and medical institutions cannot be compelled “to take active measures which are contrary to their view of their ethical duty toward their patient.” Brophy, 398 Mass. at 441 (emphasis supplied).
Unlike those cases which involved medical personnel taking active measures to potentially hasten death, ABC School and its staff are being asked to refrain from giving unwanted and potentially harmful medical treatment to Minor M. The DNR Order does not prohibit all life-saving measures, but rather prohibits the use of cardiopulmonary resuscitation, intubation, defibrillation and other invasive procedures in the event that Minor M suffers cardiac arrest. Moreover, as the guardians of their minor child, Mr. and Mrs. M have the right to refuse unwanted medical treatment on her behalf. See Superintendent of Belchertown v. Joseph Saikewicz, 373 Mass. 728 (1977) (right to refuse medical treatment stems from constitutional right to privacy). The medical reasoning behind this refusal of CPR is closely linked to Minor M’s fragile physical condition. This court is not in a position to find that such a refusal is not in the best interests of Minor M.[1] The DNR Order does not conflict with the Preservation of Life Policy, rather it renders the measures listed in the Order unavailable to personnel in connection with Minor M.
ABC School argues that Mr. and Mrs. M were notified of the preservation of life policy prior to Minor M’s enrollment, Mrs. M specifically stated that no DNR Order was in effect before Minor M began attending the program and therefore no argument of detrimental reliance can be made by Mr. and Mrs. M. In light of Minor M’s physical condition, however, the possibility that a change in circumstance could give rise to DNR Order was not so remote that ABC School was not apprised of the possibility.
ABC School argues that equitable considerations weigh in ABC School’s favor because of the undue burden that would be placed on the R.N. in charge of the program who does not have the ability to confer with other medical personnel concerning Minor M. However, the DNR Order at issue is very specific in what is prohibited: cardiopulmonary resuscitation, intubation, defibrillation and cardiac medication. Based on plaintiffs’ argument, it appears that the R.N. at ABC School does not have the capability to conduct intubation or defibrillation and, therefore the only concern is the prohibition on CPR and medication. An order prohibiting CPR and medication does not require consultation with other medical personnel.
Finally, ABC School argues that even if this court refuses to grant the requested injunctive relief, this court should issue a declaratory judgment shielding ABC School personnel from liability in the event that they violate the DNR Order and administer aid pursuant to G.L.c. 71, §55A. Section 55A reads in relevant part:
No collaborative school teacher ... or other . . . collaborative employee who, in good faith, renders emergency first aid or transportation to a student who has become injured or incapacitated . . . shall be liable in a suit for damages as a result of his acts or omissions either for such first aid or as a result of providing such emergency transportation to a place of safety . . .
In light of this court’s decision denying the plaintiffs’ request for injunctive relief and finding that the likelihood of success on the merits favors the defendants, this court will not issue a declaratory judgment that any action taken in violation of the DNR Order would be “in good faith.” To do so would vitiate the DNR Order and essentially constitute an end-run around this court’s denial of the request for injunctive relief.
Based on an assessment of the likelihood of success on the merits and the equitable considerations at issue in this case the plaintiffs’ request for injunctive and declaratory relief is denied. ABC School and its personnel shall honor the terms of the DNR Order for Minor M. The remaining counts for declaratory relief shall proceed to trial.
ORDER
For the aforementioned reasons, it is hereby ORDERED that the plaintiffs’ motion for declaratory and injunctive relief is DENIED. The defendants’ request for declaratory relief is ALLOWED. The plaintiffs are hereby ORDERED to honor the terms of the Do Not Resuscitate Order for the care and treatment of Minor M pending adjudication of this case on its merits.

 Plaintiffs’ complaint objects to the DNR Order on ethical and legal grounds that do not address the merits of the DNR Order itself. Thus, the validity of the Order will not be reviewed by this court.